# W. P. SCHMITT v. STANDARD BREWING COMPANY.[1]

July 22, 1910.

Nos. 16,621—(155).

**Surrender of leased premises — evidence.**

In an action to recover rent claimed to be due for leased property, in which defendant interposed the defense that the premises became, without its fault or neglect, so injured by the elements as to be untenantable, in consequence of which he surrendered the same to plaintiff, it is *held* that the evidence sustains the verdict of the jury, and that there were no reversible errors, either in the instructions of the court to the jury or in other respects.

Action in the district court for Blue Earth county to recover $100 under a written lease for rent of certain premises for the term of four months from June 26, 1908, to October 26, 1908. The substance of the answer and the reply is stated in the opinion. The case was tried before Pfau, J., and a jury which found in favor of defendant and answered affirmatively the special question quoted in the third paragraph of the opinion. At a subsequent term of court the case was tried before the court without a jury "for the purpose of completing the determination thereof" "upon the pleadings of the parties and proof of defendant, the said defendant appearing by its attorneys and there being no appearance on the part of the plaintiff." The court made findings of fact and as conclusions of law found that the lease of the parties had been annulled; that the same was no longer obligatory upon either of them and the same was thereby canceled. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Somerville & Hauser* and *Albert E. Clarke,* for appellant.

*A. R. Pfau, Jr.,* and *C. J. Laurisch,* for respondent.

[1]Reported in 127 N. W. 189.

[Note] Liability for rent after destruction of premises, see note to Porter v. Tull (Wash.) 22 L. R. A. 613.

BROWN, J.

The facts in this case are that on October 26, 1906, plaintiff leased and let to defendant, for the term of five years, the premises in question, at the monthly rent of $25, payable in advance. Defendant entered into possession under the lease, and so continued, and to pay the agreed rent, until June 26, 1908. This action was brought to recover the rent due for the months of July, August, September, and October, 1908.

Defendant answered, admitting the lease and its possession of the premises thereunder, and alleging in defense that on June 16, 1908, "the building on said demised premises became, without any fault or neglect on the part of the said lessee [the defendant], or its servants or employees so injured by the elements as to be untenantable and unfit for occupancy, and the defendant, by reason thereof, surrendered possession of said building to the plaintiff." It alleges the payment of all sums due for rent up to the date the building became out of repair, and the performance of all conditions imposed upon it by the terms of the lease. Defendant demanded as relief that plaintiff take nothing by the action, that the same be dismissed, and that plaintiff be required to deliver up the lease for cancelation. The reply put in issue the new matter contained in the answer.

The action was tried before the court and a jury, resulting in a verdict for defendant. In addition to their general verdict, the jury answered affirmatively the following special question submitted to them by the court: "Question. Did the building in question, without fault or neglect on the part of the lessee or of its servants or employees, become so injured by the elements, or other cause, as to become untenantable and unfit for occupancy, on or after June 20, 1908, and so remain until after the defendant moved out of and vacated the same, and surrendered its lease, if it did so move out and surrender the same?"

Thereafter and at a succeeding term of court, the cause came on for trial for the purpose, the record before us recites, "of completing the determination thereof," and was heard by the court without a jury. Findings of fact were made in conformity with the verdict of the jury, and judgment ordered for defendant, canceling and annulling

the lease on the ground that the premises had become untenantable, and defendant thereby released from further obligations thereunder. Judgment was entered accordingly, and plaintiff appealed.

The assignments of error present three questions: (1) Does the evidence sustain the verdict of the jury to the effect that the premises became untenantable, in consequence of which defendant surrendered possession thereof to plaintiff? (2) Did the court err in its instructions to the jury? And (3) was the second trial of the action before the court, after the submission of all issues in the case on the first trial to a jury, prejudicial to the rights of plaintiff?

1. The evidence upon the question that the premises became untenantable is conflicting. That offered by defendant tended to support the defense, and that offered by plaintiff tended quite strongly to the contrary. Though perhaps we would not, had the question been submitted to us as an original proposition, have reached the conclusion announced by the jury, this furnishes no ground for interference, especially since the trial court has approved the verdict. It is unnecessary to discuss the evidence. It is sufficient to say that we have read the record with care, with the result that in our opinion the evidence is not so palpably against the verdict as to justify this court in ordering a new trial. Under the well-settled rule guiding this court in such cases, we sustain the verdict.

2. The instruction of the court, of which plaintiff complains, presents no ground for reversal. The evidence justified the submission to the jury of the question whether the premises became untenantable, as claimed, and in consequence of which defendant surrendered possession thereof, and the charge of the court submitted the issue practically in the language of the statute and the provisions of the lease, which relieve the tenant in such case from further obligations under the contract.

3. The court assumed that issues presented by the pleadings were left undetermined by the jury trial, and subsequently proceeded to a second trial for the purpose of determining and disposing of the same. It may be conceded that every issue presented by the pleadings was disposed of by the general and special verdicts, and that the second trial of the action by the court was unauthorized; but this clearly

was without substantial prejudice to plaintiff. The verdict completely disposed of the case, and the court in its findings made reference thereto as a part thereof, and, together with findings upon other facts not in issue, concluded, as a matter of law, that defendant was entitled to judgment canceling the lease. This conclusion would have followed the verdict of the jury, and nothing was, by the subsequent action of the court, added to or subtracted from that result. Therefore plaintiff was in no way prejudiced by the second trial.

Judgment affirmed.